IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH SPARKS, | ) |
|           Plaintiff, | ) No. 2:19-cv-01286-RJC |
| vs. | ) Judge Robert J. Colville |
| SPEEDY KLEENE CAR WASH & LAUDROMAT and DUANE DEVECKA, | ) |
|           Defendants. | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

    Before the Court is the Motion to Dismiss, or alternatively, Motion for Summary Judgment (ECF No. 10), filed by Defendants Speedy Kleene Car Wash & Laundromat ("Speedy Kleene") and Duane Devecka ("Devecka") (collectively, "Defendants"). Plaintiff Sarah Sparks ("Sparks") filed a Response (ECF No. 12) and Brief in Opposition (ECF No. 13) to Defendants' Motion on January 2, 2020. Defendants filed a Reply (ECF No. 16) on January 15, 2020. This matter is now ripe for disposition.

    **I.    Background**

    In her Complaint (ECF No. 1), Sparks asserts a claim against Defendants for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Sparks asserts that Defendants are employers within the meaning of Title VII, that she was an employee within the meaning of Title VII, that she was sexually harassed by Devecka in violation of Title VII, and that she suffered damages as a result of that harassment, including constructive discharge, resulting in lost wages, and severe emotional distress. Compl. ¶¶ 34-37, ECF No. 1. Plaintiff filed a timely

charge with the Equal Employment Opportunity Employment Commission ("EEOC"), and has procured a notice of right to sue from the EEOC. *Id.* at ¶¶ 5-6; *id.* at Ex. 1-2.

Sparks alleges that Devecka, individually, employs individuals at multiple locations including the Riverside Inn, a car wash, a laundromat, a tanning salon, a self-storage facility, and multiple apartment buildings. Compl. ¶ 10, ECF No. 1. Sparks asserts that Speedy Kleene is a Pennsylvania fictitious name that is registered to Devecka as Speedy Kleene's owner with an address at 114 Long Street, Rices Landing, PA 15357. *Id.* at ¶ 8. Sparks alleges that the Defendants collectively employ at least fifteen individuals. *Id.* at ¶¶ 10-11. Sparks asserts that she began working as a Cashier at Speedy Kleene in May 2019. *Id.* at ¶ 12. Sparks alleges that she was subjected to persistent acts of sexual harassment by Devecka during her employment at Speedy Kleene. *Id.* at ¶ 16. Sparks further alleges that Devecka sexually assaulted her on June 4, 2020, and that she did not return to work for Defendants following the alleged assault. *Id.* at ¶¶ 21-28.

**II.      Legal Standard**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

"formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675.  Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth."  Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787.  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

3

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### III.  Discussion

Defendants argue that they do not qualify as "employers" as defined by Title VII, and that Sparks's claim for violation of Title VII should thus be dismissed with prejudice. Br. in Supp. 9, ECF No. 11. Defendants also argue that any claim for violation of the Pennsylvania Human Relations Act ("PHRA") should be dismissed because Sparks fails to set forth sufficient allegations to support a claim for violation of the PHRA, and because any such claim would be premature. *Id.* at 7-8.

Initially, while the Complaint in this action avers that Sparks seeks relief pursuant to the PHRA, *see* Compl. ¶1, ECF No. 1, the Complaint only sets forth one Count, which seeks relief pursuant to Title VII. Further, Sparks clarifies in her Brief in Opposition to Defendants' Motion that she has not set forth a claim under the PHRA because the Pennsylvania Human Rights Commission has not yet concluded its investigation. Br. in Opp'n 2-3, ECF No. 13. Because Sparks has not asserted a claim under the PHRA at this juncture, Defendants' Motion to Dismiss such a claim is denied as moot.

With respect to Sparks's Title VII claim, Defendants assert that Sparks fails to allege that Speedy Kleene employs the requisite number of employees to qualify as an "employer" under Title VII. Br. in Supp. 9, ECF No. 11. Defendants further assert that the EEOC has already determined

that Speedy Kleene does not employ enough employees to be covered by Title VII. *Id*. Defendants also argue that there is no basis to consolidate Speedy Kleene with Devecka's other businesses to meet Title VII's numerosity threshold under a single employer theory. *Id.* at 9-12. For these reasons, Defendants argue that Sparks's Complaint should be dismissed with prejudice.

In response to Defendants' Motion, Sparks argues that Speedy Kleene is a fictious name registered to Devecka, and not a separate legal entity for purposes of Title VII liability. Br. in Opp'n 3, ECF No. 13. Sparks further argues that Devecka was her employer for purposes of Title VII liability, and that she has averred sufficient facts to support a finding that Devecka employs fifteen or more employees. *Id*. Sparks asserts that discovery regarding the number and structure of Devecka's other businesses, as well as the number of employees at each, is necessary before this Court can conclude whether Devecka constitutes an "employer" as defined by Title VII. *Id.* at 6-7.

Pursuant to Title VII, it is "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1). "Title VII prohibits sexual harassment that is 'sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create an abusive working environment.'" *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). The term person is defined by Title VII to include:

"one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers." 42 U.S.C.A. § 2000e(a).

The Superior Court of Pennsylvania has explained that "[t]he use of a fictitious name does not create a separate legal entity, but is merely descriptive of a person or corporation who does business under another name. . . . The business name is a fiction, and so too is any suggestion the business is a legal entity separate from its owner." *Burlington Coat Factory of Pennsylvania, LLC v. Grace Const. Mgmt. Co., LLC*, 126 A.3d 1010, 1024 (Pa. Super. 2015) (citing *Pinkerton's, Inc. v. Superior Court*, 49 Cal.App.4th 1342, 57 Cal.Rptr.2d 356 (1996); *American Express Travel Related Services Co. v. Berlye*, 202 Ga.App. 358, 414 S.E.2d 499, 501 (1991)); *see also Parks v. Woodbridge Golf Club, Inc.*, No. CV 11-0562, 2016 WL 8716606, at *5 (E.D. Pa. July 22, 2016) ("Clearly, [the defendants] did not create a separate entity by merely registering a fictitious name."). Moreover, a fictitious name is not a real and substantial party that has an interest in the outcome of litigation; but rather is merely a nominal party. *See Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 453 (E.D. Pa. 2019), *appeal dismissed sub nom. Gentry v. Sikorsky Aircraft Corp*, No. 19-2115, 2019 WL 6208143 (3d Cir. June 10, 2019) (finding that the real and substantial defendant was the entity that registered the fictious name, and holding that because the fictitious name registered by the real and substantial defendant "exists today only as a fictitious name, [the fictitious name] is a nominal party with no interest in the outcome of this litigation.").

In her Complaint, Sparks asserts that Speedy Kleene is a Pennsylvania fictitious name registered to Devecka as Speedy Kleene's owner.[1] Compl. ¶ 8, ECF No. 1. Accordingly, as

---

[1] Sparks also attaches a public record, an "Application for Registration of Fictitious Name," to her Brief in Opposition to Defendants' Motion which supports this assertion. *See* Br. in Opp'n Ex.1, ECF No. 13.

presently alleged, Devecka is the real and substantial Defendant for purposes of this Court's determination of whether Sparks has pled the existence of an "employer," and Speedy Kleene is merely a nominal defendant.  As such, the Court will look to whether Sparks sets forth allegations in her Complaint that would allow this Court to conclude that Devecka employs the requisite number of employees to be considered an "employer" under Title VII.  Sparks alleges that Devecka, individually, employs individuals at multiple locations, including the Riverside Inn, a car wash, a laundromat, a tanning salon, a self-storage facility, and multiple apartment buildings.  Compl. at ¶ 10.  Sparks further alleges that Speedy Kleene, who for purposes of this Motion and as alleged in Sparks's Complaint must be considered to be Devecka, and Devecka collectively employ at least fifteen individuals.  *Id.* at ¶¶ 10-11.  Accepting as true all well-pled factual allegations in the Complaint and viewing them in a light most favorable to Sparks, the Court finds that the above allegations sufficiently allege that Devecka employs fifteen or more employees.  The Court further agrees that discovery in this matter will be necessary to determine the nature and structure of Devecka's other businesses, and to determine how many employees Devecka employs in total.

Defendants' reliance on *Spalla v. Elec. Mfg. Servs. Grp., Inc.*, No. 1:16-CV-821, 2017 WL 569178 (M.D. Pa. Feb. 13, 2017) and *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72 (3d Cir. 2003) is unavailing in this matter because those cases involved application of a single employer theory with respect to multiple, separate legal entities.  *See Spalla v. Elec. Mfg. Servs. Grp., Inc.*, No. 1:16-CV-821, 2017 WL 569178, at *4 (M.D. Pa. Feb. 13, 2017) ("Under certain circumstances, a court may combine *two nominally separate entities* as a single employer to reach the numerosity requirements of Title VII and the ADA." (emphasis added) (citing *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 85-89 (3d Cir. 2003); *Showers v. Endoscopy Ctr. of Cent. Pennsylvania, LLC*,

7

58 F. Supp. 3d 446, 454 (M.D. Pa. 2014))).  There is no need to apply a single employer theory in this case because Speedy Kleene is not a legal entity separate from Devecka.  *Burlington Coat Factory of Pennsylvania, LLC v. Grace Const. Mgmt. Co.*, LLC, 126 A.3d 1010, 1024 (Pa. Super. 2015).  The present case involves only one legal entity, Devecka, and a fictitious name under which he does business.

The only asserted basis set forth by Defendants for dismissal of Sparks's claim for a violation of Title VII is Sparks's purported failure to allege facts that satisfy Title VII's employee numerosity requirement.  For the reasons discussed above, this Court finds that Sparks has sufficiently alleged that Devecka is her employer, and that he employs fifteen or more people.  For that reason, this Court will deny Defendants' Motion to Dismiss.  This issue may be revisited following fact discovery in this matter, if warranted.

Finally, in Defedants' Reply to Sparks's Response, Defendants request that this Court admonish Sparks and her counsel to not make "offensive and inflammatory allegations" against Devecka in future briefing, Reply 1, ECF No. 16, and further request that this Court strike language from the Response, *id.* at 2.  Defendants take issue with Sparks's description of Devecka as a "known harasser and sexual predator" who "felt entitled to use [his female employees'] bodies and their sexuality for his own gratification."  *Id.* at 2 (quoting Br. in Opp'n 1, ECF No. 13).  Defendants further take issue with the Brief in Opposition's description of the sexual assault alleged in Sparks's Complaint as "a hideous groping incident."  *Id.* at 2-3 (quoting Br. in Opp'n 1, ECF No. 13).  Defendants assert that these comments in Sparks's Brief in Opposition are directed to harass Devecka in violation of Fed. R. Civ. P. 11(b)(1), and that the Brief in Opposition does not comply with the Pennsylvania Rules of Professional Conduct's requirement that an attorney zealously advocate for his or her client "while maintaining a professional, courteous and civil

attitude toward all persons involved in the legal system." Reply 2, ECF No. 16 (emphasis omitted) (quoting PENNSYLVANIA RULES OF PROF'L CONDUCT, Preamble, ¶ 9). Sparks has not responded to, or requested leave to respond to, Defendants' assertions of improper conduct.

The Court acknowledges that the assertions in Sparks's Brief in Opposition are strongly worded and largely irrelevant to the issue presented by Defendants' Motion to Dismiss, i.e. whether Defendants employ the requisite number of employees to qualify as an "employer" under Title VII. In so acknowledging, the Court in no way intends to diminish the very serious allegations of misconduct set forth in Sparks's Complaint. The Court notes, however, that reference to those allegations, as opposed to the above-described ad hominem assertions, would suffice to advise the Court of the serious nature of the allegations. The Court cautions that the inclusion of such ad hominem assertions in future filings may result in the striking of such assertions and/or the imposition of sanctions, if appropriate.

## IV.  Conclusion

For the reasons discussed above, this Court will deny Defendants' Motion to Dismiss. An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: July 22, 2020

cc/ecf: All counsel of record