## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARAH SPARKS, | ) | |
| | ) | |
| | ) | 2:19-cv-1286 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DUANE DEVECKA, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Plaintiff Sarah Sparks alleges that she was sexually harassed by Defendant Duane Devecka, her former employer and the owner and operator of Speedy Kleene Car Wash & Laundromat. Ms. Sparks only worked for Mr. Devecka at Speedy Kleene for a single week, but, according to her, that short time was marred by persistent inappropriate conduct, including unwanted touching, flirting, and sexual comments. The inappropriate conduct culminated in an incident during which Ms. Sparks claims Mr. Devecka assaulted her as she was exiting the restroom. According to her, he forcefully squeezed and shook her by her buttocks and, in doing so, groped her anus and vagina. After that, Ms. Sparks felt she had to leave her job. As a result of her experience, Ms. Sparks brings claims for sexual harassment under Title VII and the PHRA, battery, and intentional infliction of emotional distress.

Mr. Devecka now moves for partial summary judgment on the sexual harassment counts. He argues that Ms. Sparks "has not, and cannot, demonstrate that the alleged conduct meets the severe and pervasive requirement under either Title VII or the PHRA." ECF 80, p. 1. He also argues that he "does not employ enough individuals at Speedy Kleene to meet the fifteen (15) employee threshold" to implicate Title VII. *Id.* at pp. 1-2.

- 1 -

Applying the familiar standard of Federal Rule of Civil Procedure 56,[1] the Court will deny Mr. Devecka's motion.  For a hostile work environment sexual harassment claim, the conduct must either be severe *or* pervasive; it need not be both.  And the alleged conduct at issue, which is disputed, would satisfy either standard, if believed by the jury.

As for whether Mr. Devecka employed enough individuals to fall within Title VII's ambit, genuine disputes of material fact preclude a grant of summary judgment on this argument, too.  The records submitted in discovery provide sufficient evidence to reflect that Mr. Devecka is an "employer" under Title VII.

## DISCUSSION & ANALYSIS[2]

### I.     There is a genuine dispute of material fact regarding Ms. Sparks's hostile work environment claims.

Ms. Sparks's first and second claims in the amended complaint are for hostile work environment under Title VII and the PHRA, respectively.[3]  Under Title VII (and the PHRA analog), it is unlawful for an employer "to discriminate against any

---

[1] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  At summary judgment, the Court must ask whether the evidence presents "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  In making this determination, "all reasonable inferences from the record must be drawn in favor of the nonmoving party and the court may not weigh the evidence or assess credibility." *Goldenstein v. Repossessors, Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (cleaned up).  The moving party bears the initial burden to show the lack of a genuine dispute of material fact, and "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment is improper.  *Id.* (cleaned up).

[2] The Court primarily writes for the benefit of the parties, who are familiar with the factual and procedural background, as well as the record evidence.

[3] The Court does not distinguish between Ms. Sparks's Title VII and PHRA claims because "the same standards govern each."  *McNeill v. Greyhound Lines, Inc.*, 628 F. App'x 101, 103 n.1 (3d Cir. 2015) (citation omitted).

individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"   42 U.S.C. § 2000e-2(a)(1).   "It is well established that a plaintiff can demonstrate a violation of Title VII by proving that sexual harassment created a hostile or abusive work environment." *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir. 1999) (citation omitted).

To succeed on a claim for hostile work environment, Ms. Sparks must prove that: (1) she suffered intentional discrimination because of her sex; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person in that position; and (5) the existence of respondeat superior liability. *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (citations omitted).   Mr. Devecka attacks the second element.   He argues that Ms. Sparks cannot show that the alleged conduct was severe or pervasive.   ECF 80, pp. 6-9.   He's wrong on both counts, though—Ms. Sparks has offered sufficient evidence to create an issue of fact as to whether the harassment she experienced was sufficiently severe ***and*** pervasive.

"Severe" and "pervasive" are "alternative possibilities: some harassment may be severe enough to contaminate an environment even if not pervasive; other, less objectionable, conduct will contaminate the workplace only if it is pervasive." *Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017).   Ultimately, "[w]hether an environment is hostile requires looking at the totality of the circumstances; including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (cleaned up).   A single incident of harassment can "amount to discriminatory changes in the terms and conditions of employment" if that incident is "extremely serious."   *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

The incident of sexual assault that Ms. Sparks claims that she endured at the end of her employment was extremely serious.  In Ms. Sparks's own words:

> As I was walking out of the bathroom … he did like a slap, grab and when he grabbed, it like was so far in the crack of my butt and my privates that I could actually feel it. Like I don't know how you can say this, like opened my, you know, it touched one part of my vagina and by my butt.
>
> He did it once and then he did it again and like it was like a slap, grab like squeeze and shake kind of thing.  And it like almost lifted me off the ground it was—and I remember like turning and I slapped at him and I said no.  And I immediately walked away and he walked out the doors. Before he walked out he said, I forget exactly what he said, I know I told my lawyer it was something along the lines of get used to it basically.

ECF 84-2, 99:4-100:4.  It's not within the Court's province to decide whether Ms. Sparks's description of this incident is true—that's for the jury to decide.  *Hayes v. Silvers, Langsam & Weitzman, P.C.*, 441 F. Supp. 3d 62, 66–67 (E.D. Pa. 2020) ("Though Defendant asserts that [plaintiff] is not credible and that none of her allegations should be believed, it is inappropriate for a court to resolve factual disputes and to make credibility determinations at summary judgment." (cleaned up)).  And so, the Court will credit her testimony about the incident.

Crediting Ms. Sparks's version of events, "[j]ust as the use of an odious slur" in the workplace is "degrading and humiliating in the extreme, direct contact with an intimate body part constitutes one of the most severe forms of sexual harassment." *Riley v. S.C. Dep't of Corr.*, No. 19-1664, 2021 WL 4597066, at *7 (D.S.C. July 27, 2021) (quoting *Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 180 (2d Cir. 2012)). Indeed, courts have found similar incidents to the one described by Ms. Sparks to be severe enough to create an issue of fact for a hostile work environment claim.  *See, e.g.*, *Winkler v. Progressive Bus. Publications*, 200 F. Supp. 3d 514, 519 (E.D. Pa. 2016) ("[T]he single incident in question was far more than a mere offensive

utterance: [defendant] placed his hand inside [plaintiff's] bra while telling her she should probably have to dance for the single dollar bills he placed there."); *Riley*, 2021 WL 4597066, at *7 (finding harassment severe where defendant "groped Plaintiff's breasts and buttocks in addition to wrapping his arm around her neck, pulled her to him, and sucking, kissing, and licking her neck. He also pushed her against a wall and attempted to kiss her on the lips."); *Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 185 (E.D.N.Y. 2012) (single incident of supervisor "grabb[ing] and squeez[ing] one of [plaintiff's] breasts" was conduct sufficiently "severe to constitute a hostile work environment"); *Swiderski v. Urban Outfitters, Inc.*, No. 14-6307, 2017 WL 6502221, at *5 (S.D.N.Y. Dec. 18, 2017) (single incident of customer reaching for plaintiff's face, putting his thumbs in her mouth, licking her cheek, and attempting to grab her chest was "sufficiently severe by itself to create a hostile work environment."). The Court therefore finds that the alleged assault makes the harassment severe enough to allow her claim to move forward.

Two other factors bolster this conclusion. First, "the severity of sexual misconduct is compounded when the perpetrator is in a supervisory position over the plaintiff." *Riley*, 2021 WL 4597066, at *8. Mr. Devecka wasn't just Ms. Sparks's supervisor; he owned the entire business. *See* ECF 81, ¶¶ 1-4. There was no greater authority at her workplace to turn to when this incident happened. A jury could easily find this harassing behavior by the owner of the business, who "had significant authority over [the employee] on a day-to-day basis and the ability to influence the rest of the employee's career[,] to be objectively more severe than the same behavior by a fellow employee." *EEOC v. Dairbrook Med. Clinic*, 609 F.3d 320, 329 (4th Cir. 2010).

Second, the assault occurred in the context of Mr. Devecka making other inappropriate physical contact with Ms. Sparks and subjecting her to unwanted

flirtation and sexual comments during her brief employment.  For example, over the course of her single week at Speedy Kleene, Mr. Devecka allegedly:

- Called Ms. Sparks pet names like "sweetie" and "babe" and told her that she had a "tight ass" (ECF  84-2, 90:2-20);
- Patted, touched, or spanked her bottom, once or twice per shift (*id.* at 82:13-23);
- Told her she was "too pretty" for her boyfriend (*id.* at 84:22-85:7); and
- Acted "envious and annoyed" that she was in a relationship with someone else (*id.* at 86:10-87:12)

The assault occurring after Ms. Sparks suffered this other harassing behavior only added to her humiliation and embarrassment, which in turn makes the incident even more severe.  *See Winkler*, 200 F. Supp. 3d at 519 ("Rhian touched Winkler in an intimate area inside her clothing while making sexually charged remarks. Any reasonable woman would be detrimentally affected by such conduct alone, and especially in light of months of objectionable conduct by the same individual." (cleaned up)).

But even putting the severity of Mr. Devecka's alleged conduct aside, it was certainly pervasive, by any definition.  Recall that the harassment need only either be severe or pervasive, not necessarily both, to create an actionable hostile work environment.  As detailed above, Ms. Sparks endured some form of harassing behavior ***during every shift*** of her short tenure working for Mr. Devecka.  The Court cannot conceive of more "pervasive" harassment than that.  *See Hayes*, 441 F. Supp. 3d at 68  ("Hayes alleges she was regularly harassed and identifies at least *seven* incidents ***within an eight-week period***, as well as regular unwanted touching. If true, these incidents could constitute severe and pervasive harassment." (cleaned up; emphasis in original)); *Gatter v. IKA-Works, Inc.*, No. 16-953, 2016 WL 7338770, at *9 (E.D. Pa. Dec. 19, 2016) (denying defendant summary judgment on Title VII claim where plaintiff was harassed repeatedly over twelve days, including being

propositioned for sex).  That Ms. Sparks only worked at Speedy Kleene for a short time is irrelevant.  The alleged harassing conduct spread through every part of her employment.  Her hostile work environment could therefore move forward under this alternative standard, too.

In sum, "[c]rediting [Ms. Sparks's] version of events," the Court "cannot say as a matter of law that the encounters were not severe [or] pervasive[.]"  *Goodwin v. Pennridge Sch. Dist.*, 389 F. Supp. 3d 304, 316 (E.D. Pa. 2019) (cleaned up).  Mr. Devecka's motion is therefore denied with respect to Counts 1 and 2 of the amended complaint.[4]

## II.   There is a genuine dispute of material fact about whether Mr. Devecka is an "employer" under Title VII.

For Mr. Devecka to be subject to Title VII, he must be an "employer" as defined by the statute.  42 U.S.C. § 2000e(b).  That is, he must have employed "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  *Id.*  This employee threshold is a substantive element of Title VII claims.  *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 83 (3d Cir. 2003).  Mr. Devecka claims that he does not satisfy the threshold because Speedy Kleene had only two employees at the time of Ms. Sparks's employment, and the Court should not apply the "single-employer" theory to "consolidate all of Mr. Devecka's separate businesses and regard them as a single employer."  ECF 80, pp.

---

[4] The cases cited by Mr. Devecka are all distinguishable.  *See* ECF 80, pp. 6-9.  For example, in one case, the harassment was committed by a co-worker, not a supervisor or owner (*Carattini v. Woods Servs., Inc.*, No. 08-5201, 2010 WL 447453, at \*1 (E.D. Pa. Feb. 4, 2010)); in other cases it was committed intermittently over an extended period (*Jankowski v. Sage Corp.*, No. 08-770, 2010 WL 1253544, at \*1 (W.D. Pa. Feb. 23, 2010) (Bissoon, J.)), *Saidu-Kamara v. Parkway Corp.*, 155 F. Supp. 2d 436, 438 (E.D. Pa. 2001)); or in other cases, it was otherwise materially different in some other respect from the circumstances presented here (*e.g.*, the employer took prompt action or the employee admitted that the harassment didn't interfere with her ability to perform her essential duties).

10-11.  The Court, however, finds that there is a genuine dispute of material fact about whether Mr. Devecka is subject to Title VII.

Under certain circumstances, a court may treat two entities as a single employer to reach the requisite number of 15 employees under Title VII.  *See generally Nesbit*, 347 F.3d 72.  Mr. Devecka argues that the requirements for triggering this theory have not been met.  Mr. Devecka's argument misses the mark, however, because as this Court held at the motion-to-dismiss stage, "[t]here is no need to apply a single employer theory in this case because Speedy Kleene is not a legal entity separate from [Mr.] Devecka.  The present case involves only one legal entity, [Mr.] Devecka, and a fictitious name under which he does business."[5]  ECF 25, p. 8.  It is true that the Court stated that "[t]his issue may be revisited following fact discovery," but only "if warranted."  *Id.*  Mr. Devecka has presented no evidence of a separate entity, which would be necessary to analyze whether the "single-employer" theory should be rejected.  Instead, quite the opposite—discovery has only bolstered the Court's prior conclusion.[6]  So, Mr. Devecka's primary argument about why he's not subject to Title VII remains inapt.

Essentially conceding this point, in his reply, Mr. Devecka pivots to arguing that certain documents produced during discovery in this case prove that Mr. Devecka, himself, did not employ the requisite number of employees across all his businesses.  ECF 85, p. 6.  He claims that he only employed "approximately eleven (11) or twelve (12) employees at a time[.]"  *Id.* at p. 7.  But the payroll and wage and tax statements provided by Mr. Devecka suggest he employed more than 15 people

---

[5] This holding was based, in part, on applications for fictitious name filings by Mr. Devecka for his two primary businesses.  ECF 25, pp. 6-7.

[6] In discovery, Mr. Devecka produced the W2s for his employees, which only list "Duane W. Devecka" as the employer, and his personal tax returns, which list his business on additional schedules.  ECF 84-2.  There are also no incorporated entities registered by Mr. Devecka.

in 2018 and 2019. *See* ECF 84-2. As a result, the Court finds that there is a genuine dispute of material fact over whether Mr. Devecka is properly considered an "employer" for purposes of Title VII.

\*  \*  \*

Therefore, after careful consideration, it is hereby **ORDERED** that Mr. Devecka's partial motion for summary judgment (ECF 79) is **DENIED**.

Date: July 13, 2023                                  BY THE COURT:


                                                     /s/ J. Nicholas Ranjan
                                                     United States District Judge